**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL DENT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:21-CV-791-NAB |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security,[1] | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**<u>MEMORANDUM AND ORDER</u>**

This case is before the Court on Acting Commissioner Kilolo Kijakazi's ("the

Commissioner's") Motion to Reverse and Remand the case to the Commissioner for further

administrative action pursuant to sentence four of section 205(g) of the Social Security Act, 42

U.S.C. § 405(g). (Doc. 23). Plaintiff has filed a response stating that he has no objection to the

motion. (Doc. 24). The parties have consented to the jurisdiction of the undersigned United States

Magistrate Judge pursuant to 28 U.S.C.§ 636(c)(1). (Doc. 10).

On June 30, 2021, Plaintiff filed a Complaint seeking review of the Commissioner's

decision that Plaintiff was not under a disability within the meaning of the Social Security Act.

(Doc. 1). The Commissioner filed her answer and the transcript of the administrative proceedings

---

[1]    Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.
Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be
substituted, therefore, for Andrew Saul as the defendant in this suit. No further action need be
taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security
Act, 42 U.S.C. § 405(g).

on September 7, 2021. (Docs. 8, 9). Plaintiff filed a brief in support of the complaint on February 4, 2022. (Doc. 20).

On April 4, 2022, the Commissioner filed the instant motion to reverse and remand the case to the Commissioner for further action under sentence four of section 205(g) of the Social Security Act, which permits the Court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner represents in her motion that after careful review of the case, "agency counsel determined that remand was necessary for further evaluation of Plaintiff's claims." (Doc. 23 at 1). The Commissioner states that upon remand, the Appeals Council will instruct the Administrative Law Judge ("ALJ") to do the following: 1) fully evaluate the consistency of Plaintiff's subjective allegations of both mental and physical impairments; 2) consider and articulate the persuasiveness of all medical opinions of record, pursuant to governing regulations; 3) offer Plaintiff an opportunity for a new hearing; 4) take any other necessary actions to complete the administrative record; and 5) issue a new decision. (*Id.*).

Upon review of Plaintiff's Complaint and brief in support of his Complaint, the ALJ's decision, and the Commissioner's motion, the Court agrees with the parties that this case should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).

Accordingly,

**IT IS HEREBY ORDERED** that the Commissioner's Motion to Reverse and Remand (Doc. 23) is **GRANTED**.

**IT IS FURTHER ORDERED** that a Judgment of Reversal and Remand will issue contemporaneously herewith remanding this case to the Commissioner of Social Security for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS FURTHER ORDERED** that upon entry of the Judgment, the appeal period will begin which determines the thirty-day period in which a timely application for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, may be filed.

_____
NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of April, 2022.

3