# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL DENT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CV-791-NAB |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Application for Award of Fees Pursuant to the Equal Access to Justice Act (Doc. 27). Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), Plaintiff requests attorney's fees in the amount of $5,215.93, at the rate of $227.77 per hour, for a total of 22.9 hours of work. Plaintiff also requests reimbursement for the $402.00 filing fee. Defendant Kilolo Kijakazi, Acting Commissioner of Social Security, does not object to Plaintiff's request for reimbursement of the filing fee and attorney's fees, nor the amount requested. (Doc. 29). Based on the following, the Court will award Plaintiff attorney's fees in the amount of $5,215.93 and $402.00 for the filing fee.

### I. Factual and Procedural Background

Plaintiff Michael Dent filed this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c) for judicial review of the final decision of Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income under the Social Security Act. (Doc. 1). On April 7, 2022, the Court entered a Memorandum and Order remanding the action pursuant to sentence four of section 205(g), 42 U.S.C. § 405(g) and Judgment was entered this same day. (Docs. 25, 26).

Plaintiff filed a request for attorney's fees under the EAJA on July 6, 2022. (Doc. 27). Defendant filed a response to the motion on July 19, 2022. (Doc. 29).

## II. Standard of Review

"A court shall award to a prevailing party. . . fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).

A party seeking an award of fees and other expenses must (1) submit to the court an application for fees and other expenses which shows that the party is a prevailing party and eligible to receive an award; (2) provide the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed; (3) allege that the position of the United States was not substantially justified; and (4) make the application within thirty days of final judgment of the action. 28 U.S.C. § 2412(d)(1)(B). The determination of whether the position of the United States was substantially justified shall be determined on the basis of the record made in the action for which the fees are sought. *Id.* "In sentence four [remand] cases, the filing period begins after the final judgment ("affirming, modifying, or reversing") is entered by the Court and the appeal period has run so that the judgment is no longer appealable." *Melkonyan v. Sullivan*, 501 U.S. 89, 102 (1991) (citing 28 U.S.C. § 2412(d)(2)(G) ("Final judgment" means a judgment that is final and not appealable.")).

"It is well-settled that in order to be a prevailing party for EAJA purposes, plaintiff must have received some, but not necessarily all, of the benefits originally sought in his action." *Stanfield v.*

2

*Apfel*, 985 F.Supp. 927, 929 (E.D. Mo. 1997) (*citing Swedberg v. Bowen*, 804 F.2d 432, 434 (8th Cir.1986)). Obtaining a sentence four judgment reversing the Secretary's denial of benefits is sufficient to confer prevailing party status. *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

### III. Discussion

In this action, the Court finds that Plaintiff has demonstrated that an award of attorney's fees under the EAJA is appropriate in this matter. First, Plaintiff is a prevailing party in this action, because he has obtained a reversal of the Commissioner's denial of his application for benefits. (Doc. 26).

Second, Plaintiff's application for attorney's fees appears reasonable. Plaintiff requests fees in the amount of $5,215.93, at the rate of $227.77 per hour for a total of 22.9 hours of work. The application includes an itemized statement from his attorney stating the actual time expended and the rate at which the attorney's fees were computed. (Doc. 28-1). Therefore, the Court will award Plaintiff attorney's fees for a total of 22.9 hours of work.

The EAJA sets a statutory limit on the amount of fees awarded to counsel at $125.00 per hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). "In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved." *Richardson-Ward v. Astrue*, 2009 WL1616701, No. 4:07-CV-1301 JCH at *1 (E.D. Mo. June 9, 2009). "The decision to increase the hourly rate is at the discretion of the district court." *Id.* at *2.

3

"Where, as here, an EAJA petitioner presents uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than [$125.00] per hour, enhanced fees should be awarded." *Johnson v. Sullivan*, 919 F.2d 503, 505 (8th Cir. 1990).

Plaintiff's counsel cited evidence from the U.S. Department of Labor, explaining the change in the cost of living from 1996 when the $125.00 hourly limitation became effective and 2022. Defendant does not contest the hourly rate, the total fee request, nor the number of hours itemized in the invoice. Upon consideration of these facts, the Court finds that the hourly rate, number of hours expended, and a total fee award of $5,215.93 is reasonable. As alleged by Plaintiff, the Court finds that the Defendant's position was not substantially justified. Therefore, the Court will award Plaintiff attorney's fees in the amount of $5,215.93.

Plaintiff has submitted a signed Assignment of Federal Court EAJA Attorney Fee which assigns any award he may receive under the EAJA to his counsel of record. The EAJA requires that the attorney's fee award be awarded to the prevailing party, in this case the Plaintiff, not the Plaintiff's attorney. *Astrue v. Ratcliff*, 560 U.S. 586, 591 (2010) (the term "prevailing party" in fee statutes is a "term of art" that refers to the prevailing litigant (citing 42 U.S.C. § 2412(d)(1)(A)). Awards of attorney fees to the prevailing party under the EAJA are "subject to a [g]overnment offset to satisfy a pre-existing debt that the litigant owes the United States." *Ratcliff*, 560 U.S. at 589. Any award for attorney's fees must be subject to any government offset, even if the Plaintiff has assigned his right to the award to her attorney. Therefore, the Court will direct the Commissioner to make Plaintiff's attorney's fee award payable to Plaintiff as directed below, subject to any pre-existing debt Plaintiff owes to the United States.

Plaintiff also seeks reimbursement from the Judgment Fund of the U.S. Treasury of a $402.00 filing fee. Defendant also agrees that Plaintiff should be compensated for the filing fee in the amount

4

of $402.00. Defendant notes that this fee should not be paid as an expense under EAJA but instead should be paid from the Judgment Fund administered by the United States Treasury. *See* 28 U.S.C. § 2412(a). The Court will award the filing fee as costs. *See* 28 U.S.C. § 1920.

### IV. Conclusion

Based on the foregoing, the Court will award Plaintiff attorney's fees in the amount of $5,215.93 and costs in the amount of $402.00 for the filing fee.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Award of Fees Pursuant to the Equal Access to Justice Act (Doc. 27) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Social Security Administration shall remit to Plaintiff attorney's fees in the amount of $5,215.93, subject to any pre-existing debt that the Plaintiff owes the United States, and the check should be mailed to Plaintiff's counsel, Kristen Van Fossan, assignee.

**IT IS FURTHER ORDERED** that Plaintiff is awarded $402.00 in costs. The Clerk shall tax costs in the amount of $402.00, which shall be paid to Plaintiff from the Judgment Fund administered by the United States Treasury.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 20th day of July, 2022.